IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2010

## STATE OF TENNESSEE v. JUSTIN DEWAYNE ROGERS

**Direct Appeal from the Circuit Court for Tipton County**
**No. 6159      Joseph H. Walker, III, Judge**

**No. W2009-00982-CCA-R3-CD  - Filed November 19, 2010**

The defendant, Justin Dewayne Rogers, was convicted of rape of a child, a Class A felony, and sentenced to twenty-five years in the Department of Correction.  On appeal, he argues that the evidence was insufficient and that the trial court erred in admitting the victim's medical records in violation of his right to confrontation.  After careful review, we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Gary F. Antrican, District Public Defender, and Lyle A. Jones, Assistant Public Defender, for the appellant, Justin Dewayne Rogers.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The facts underlying this case involve the defendant leading the four-year-old victim to the woods, where he bribed him with a pocket knife and broken cigarette lighter to take down his pants before he anally penetrated him with his penis.  The victim's mother testified that she was the girlfriend of the defendant's father.  She said that the defendant was visiting them on the weekend of September 5, 2008, when he took the victim outside to play.  When the victim returned he began experiencing trouble with his bowels, characterized by an inability to control his bowel movements.  The victim also complained of pain in his "booty."

The victim was taken to the hospital in Covington, Tennessee and later referred to the Memphis Sexual Assault Resource Center where he was interviewed and examined. The victim told the nurse practitioner in Memphis that he had been anally penetrated, but his examination revealed no findings to confirm or deny the anal penetration.

A detective with the Tipton County Sheriff's office interviewed the defendant on September 11, 2008. The defendant waived his rights and made a statement. He told the detective that he took the victim to the woods, bribed him to take down his pants, and anally penetrated the child with his penis.

The jury returned a verdict of guilty to the charge of rape of a child. This appeal followed.

Analysis

The defendant raises two issues on appeal. First, he contends that the evidence was insufficient to support his conviction for rape of a child. When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Brewer*, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. *Id.* In *State v. Grace*, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with

a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982); *Grace*, 493 S.W.2d at 476.

Tennessee Code Annotated section 39-13-522(a) defines the crime of rape of a child as "the unlawful sexual penetration of a victim by the defendant . . . if the victim is more than three (3) years of age but less than thirteen (13) years of age. T.C.A. § 39-13-522(a) (2008). The evidence presented at trial reflected that the defendant was alone with the victim immediately before the victim began to experience trouble controlling his bowel movements and before he suffered rectal pain. In his statement to the Tipton County Sheriff's Department detective, the defendant admitted that he anally penetrated the victim after bribing him with a glass cutter, a knife, and a broken lighter. The evidence is sufficient to support the defendant's conviction.

Next, the defendant argues that the statements contained in the victim's medical records were testimonial in nature and their admission violated his right to confront witnesses. Decisions concerning the admissibility of evidence are generally left to the discretion of the trial court. When the admissibility of the evidence turns on the defendant's right to confront witnesses, the trial court's decision is a legal question entitled to *de novo* review on appeal. *State v. Lewis*, 235 S.W.3d 136, 141-42 (Tenn. 2007). The confrontation clause in the Sixth Amendment to the U.S. Constitution and its counterpart in our state constitution provide that a defendant in a criminal prosecution be given an opportunity to confront the witnesses against him. *Lewis*, 235 S.W.3d at 144; U.S. Const. amend. VI; Tenn. Const. art. I § 9. Tennessee decisions have followed the United States Supreme Court policy adopted in *Crawford v. Washington*, 541 U.S. 36, 68 (2004), which holds that the presentation of out-of-court witness statements, which are not testimonial in nature, do not offend the confrontation clause. *State v. Cannon*, 254 S.W.3d 287, 302 (Tenn. 2008).

The defendant seeks to exclude the medical records which contain statements by the victim's mother and the victim, given in response to medical personnel inquiries for diagnosis and treatment of an emergent condition in a fully toilet-trained four-year-old and his complaints of rectal pain following his anal penetration by the defendant. The hospital record does not contain any direct statements by the victim, but the Memphis Sexual Assault Resource Center records do contain some statements attributed to the victim. The trial court admitted the records over the objection of the defendant during the testimony of the custodian of the records. The custodian was allowed to testify as to the substance of the medical record. The defendant objected that the records were hearsay within hearsay, and the trial court determined that the statements were made for the purpose of obtaining medical treatment and were, therefore. a hearsay exception. The records from the Memphis Sexual Assault Resource Center were identified by the nurse practitioner who examined and

interviewed the victim.  She testified that, following her examination, she could neither confirm nor deny that the victim was anally penetrated.  The medical records demonstrate that the victim's mother told the nurse practitioner that the defendant asked to take the victim outdoors,  where the defendant penetrated the victim anally.  The victim said that he told the defendant to stop, but he did not.  We conclude that the statements contained in the medical records were given for the primary purpose of medical diagnosis and treatment and were not testimonial; therefore, they were properly admitted.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE